Town of Saxville, Appellant, vs. Bartlett, Respondent.

*December 18, 1905—January 9, 1906.*

*Paupers: Obligation of relatives to support: Recovery for past support: Statute construed.*

1. Secs. 1502–1605, Stats. 1898, are prospective in their character and provide for imposing, by order of the county judge, upon relatives of a pauper an obligation to maintain him or contribute to his support after the making of such order. They do not authorize recovery of amounts expended for such support prior to the making of the order.
2. Where a statute creates a new right and provides a complete remedy for its enforcement, such remedy is exclusive.

Appeal from a judgment of the circuit court for Waukesha county: James J. Dick, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *E. F. Kileen* and *Park & Carpenter.*

*John A. Kelly,* for the respondent.

Winslow, J. This action was brought to recover certain amounts paid out by the plaintiff (a town of Waushara county) for the support, care, and medical attendance during

his last illness of one Alexander Bartlett, a resident of the plaintiff town and alleged to have been a pauper, who was taken ill June 21, 1901, in said town, and died November 1st following. The claim also included necessary funeral expenses. All the items claimed were furnished by direction of the supervisors of the plaintiff town. The defendant is a son of the deceased, residing in Waukesha county, and was of sufficient ability to care for his father, but had made no contract to 'do so. October 23, 1901, the supervisors of the plaintiff town commenced proceedings before the county judge of Waushara county, by notice served on the defendant under sec. 1502, Stats. 1898, to compel him to relieve his father. This application did not come to a hearing until November 27th following, and after the death of Alexander Bartlett, when the county judge made an order requiring the defendant to pay the sums expended by the town aforesaid, with costs, which the defendant refused to do, and this action was brought. The action was brought to trial before a jury, but at the close of the evidence the court withdrew the case from the jury and subsequently made findings substantially as above stated, and found, in addition, that Alexander Bartlett was not a pauper, and rendered judgment for the defendant, from which the plaintiff appeals.

The appellant claims (1) that the question whether Alexander Bartlett was a pauper or not was a disputed question of fact under the evidence which should have been submitted to the jury; and (2) that, if the jury decided this question in the affirmative, the defendant was liable for Alexander's support and funeral expenses, under sec. 1502, *supra.*

For the purposes of the decision of this case we shall assume that the first point is well taken, and consider simply the question of the defendant's liability upon the hypothesis that his father was in fact a pauper. The appellant's counsel frankly admit that the common law imposes no obligation upon a son to support his pauper parent, but insist that the

defendant is liable under sec. 1502, *supra*.    That section provides as follows:

'The father, mother and children, being of sufficient ability, of any poor person who is blind, old, lame, impotent or decrepit, so as to be unable to maintain himself, shall, at their own charge, relieve and maintain such poor person in such manner as shall be approved by the supervisors of the town where such person may be, and upon failure of any such relation so to do the supervisors shall apply to the county judge of the county wherein such poor person may be for an order to compel such relief, of which application at least fourteen days' notice in writing shall be given by serving the same upon the person to whom it is directed in the same manner provided in section 2636 for the service of summons in courts of record.    Such notice may be so served anywhere within this state."

Sec. 1503 provides that the county judge shall require relief to be given first by the father, or, if there be no father, then by the children, and, if there be no children, then by the mother, and further provides that, if any such relative is unable wholly to maintain such poor person, two relatives may be required to contribute for the purpose in proportions to be fixed by the judge, and, further, that if such relatives are unable together to maintain such poor person, but are able to contribute therefor, the judge shall direct a sum to be paid weekly by each such relative in proportion to his ability. Sec. 1504 provides for the proceedings on the hearing, and requires the judge to make an order that such of the relatives as are of sufficient ability shall maintain or contribute to the support of the poor person, which order shall specify the sums which will be sufficient for that purpose "to be paid weekly," and specify the time during which it shall be paid, or may leave the time indefinite or until further order.    This section also provides for an appeal from the order to the circuit court. Sec. 1505 provides that in case of neglect by any relative to comply with the order the supervisors may recover of such relative the sums prescribed by the order "for every week the

said order shall have been disobeyed up to the time of judgment, with costs of suit, for the use of the poor."

It is very apparent that these sections are prospective in their character, and do not contemplate that a town or an individual may proceed to relieve a pauper and afterwards recover the amounts expended of the proper relative, but rather that the supervisors, upon failure of such relative to maintain the pauper in a manner approved by them, may apply to the county judge to fix the manner and amount of the relief to be given by the relative or relatives in the future, and upon a failure to comply with that order may by action recover the amounts unpaid under the order for the use of the poor. This is plainly a case where a new right has been created and a complete remedy for its enforcement has been provided with it. The law is well settled that in such a case the remedy provided is exclusive. *Hall v. Hinckley,* 32 Wis. 362; *State ex rel. Cook v. Houser,* 122 Wis. 534, on page 595 (100 N. W. 984). This principle is too well established to be questioned at this time, and it is fatal to this case. The supervisors did not utilize the remedy provided by the statute, and hence the present action must fail.

*By the Court.*—Judgment affirmed.