## HASKAMP v. SWENGER.

[No. 12,516. Filed November 4, 1926.]

1. PARENT AND CHILD.—At common law, there is no legal obligation on a child to support its parent. p. 257.

2. PARENT AND CHILD.—Sections 2875 and 2876 Burns 1926, making it a misdemeanor for a child that is financially able, to refuse or neglect to support his parent who is unable to

support himself, being in derogation of the common law, must be strictly construed. p. 258.

3. PLEADING.—One suing to enforce a statutory cause of action must show that his case clearly comes within the statute. p. 258.

4. PARENT AND CHILD.—*Parent cannot maintain action against his child for support.*—The act of 1921 (Acts 1921 p. 90) as amended in 1923 (Acts 1923 p. 53, §§2875, 2876 Burns 1926) does not purport to give the parent any right of action against his child for support, and necessarily, therefore, a parent cannot maintain an action against a child for support already furnished. The statute makes non-support a misdemeanor and is intended as a protection to the public. p. 258.

From Franklin Circuit Court; *Cecil C. Tague,* Judge.

Action by Bernard Swenger, Sr., against Minnie Haskamp. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*A. J. Piene* and *M. B. Hubbard,* for appellant.
*John E. Osborn* and *Raymond Rolfes,* for appellee.

REMY, J.—Appellee alleges in his complaint against appellant that he is eighty-one years of age, physically feeble, unable to work and without means for his support; that appellant is one of his five living children, each of whom is more than twenty-one years of age and financially able to support and care for appellee; that appellee has been unable to support himself for twenty months last passed, during all of which time he has been supported and cared for at the home of his son Charles, with means furnished by appellee's children other than appellant, who has at all times refused, and now refuses, to make any contribution for appellee's support. Prayer of the complaint is for judgment for $100, the amount alleged to be due for maintenance already furnished; for an order that appellant be required to pay to appellee during disability the sum of $40 annually; and that appellant be ordered to pay to appellee $75 to be used in the prosecution of this action.

On the trial of the cause the facts averred in the

complaint were established by the evidence, and the court rendered judgment for $106.66 "as and for the just and proper proportion" of appellant for the care and support of appellee for the twenty months immediately preceding the date of the judgment; and "for $40 as and for plaintiff's attorney's fees." Also the court, as a part of the judgment, directed appellant, until further order of the court, "to contribute to the support and maintenance" of appellee "at the rate of $40 in cash per year."

Action of the trial court in overruling motion for new trial is assigned as error. The only reason for a new trial, requiring consideration by this court, is that the decision of the court is contrary to law.

At common law, there is no legal obligation resting upon a child to support a parent. *Becker* v. *Gibson* (1880), 70 Ind. 239. In this state, the only statute purporting to create a liability on the part of children to support parents is the act of 1921, as amended by the act of 1923 (Acts 1923 p. 90, §2875 Burns 1926). The act consists of two sections, the first section being as follows: "Hereafter if any person being of full age and being financially able has neglected, or shall hereafter, without reasonable cause, neglect, to maintain and support his or her parent or parents, if such parent or parents be sick or not able to work and have not sufficient means or ability to maintain or support themselves, such person shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be fined in any sum not exceeding five hundred dollars, to which may be added imprisonment in the county jail for a period not exceeding six months. In the event that there are two or more children, each child shall contribute to the support of such dependent parent or parents, in such proportion as the judge of the court,

in his discretion, may determine and order, and for failure or refusal so to do, or for disobedience to the orders of the court, each such child shall be severally liable to the penalties prescribed by this act. The proper court of the county in which the dependent parent or parents reside shall have jurisdiction of all actions prosecuted under the provisions of this act. If one or more of the children who, by the provisions of this act, are liable for the support or partial support of any such parent or parents are residents of a county other than the county in which such parent or parents reside, the judge of the court having jurisdiction of the case shall apportion the amount to be contributed to the support of such parent or parents among the several children residing in the state, and shall certify his judgment to the proper court of each county in which any of such children reside, and the judge of the court to whom such judgment shall have been certified shall possess the same authority to enforce such judgment as he would have had if the action had accrued and if the judgment had been given in his own jurisdiction. The provisions of this act shall not apply to children who have not lived with or who have not been supported by their parents, when such children were minors."

Section 2 provides that after conviction the court shall have power to suspend judgment and release defendant from custody on condition that such defendant shall support the parent in such manner as the court may order and direct.

The statute is in derogation of common law, and must, therefore, be strictly construed. As was said by Mitchell, J., in *Hamilton, Admr., v. Jones* (1890), 2-4. 125 Ind. 176, 178, 25 N. E. 192: "A plaintiff who sues on a right of action given by statute must present a case clearly within the statute which creates the right." The statute under consideration

does not authorize a civil action by the parent against his child or children to recover for support already furnished. In fact, the statute does not purport to give the parent any right of action. The statute makes it a misdemeanor, punishable by fine and imprisonment, for a child, financially able, to refuse or neglect, without reasonable cause, to care for and support a parent who is unable to care for and support himself. Upon conviction, the court is authorized to take certain steps to insure the support of the parent by the convicted child, during which time the sentence may be suspended. The main purpose of the statute, it would seem, is to protect the public from the burden of supporting indigent citizens who have children able to support them. Clearly the decision of the court is contrary to law. See, *Duffy* v. *Yordi* (1906), 149 Cal. 140, 84 Pac. 838, 117 Am. St. 125, 9 Ann. Cas. 1017, 4 L. R. A. (N. S.) 1159; *Cook* v. *Bradley* (1828), 7 Conn. 57, 18 Am. Dec. 79; *Condon* v. *Pomroy-Grace* (1901), 73 Conn. 607, 48 Atl. 756, 53 L. R. A. 696; *Edwards* v. *Davis* (1819), 16 Johns. (N. Y.) 281; *Saxville* v. *Bartlett* (1906), 126 Wis. 655, 105 N. W. 1052.

Reversed.