In re Guardianship of Heck: Schwemer, Guardian, Appellant, vs. Heck and another, Respondents.

*September 16—October 12, 1937.*

Evan C. Schwemer, attorney, and Patrick W. Dean, guardian ad litem, both of Milwaukee, for the appellant.

For the respondent Augusta Heck there was a brief by Posner & Posner of Milwaukee, and oral argument by Herman J. Posner and Gene Posner.

For the respondent Evangelical Deaconess Society of Wisconsin there was a brief by Harvey R. Habeck of Milwaukee.

ROSENBERRY, C. J. At common law a child was not bound to support its parents. Duffy v. Yordi (1906), 149 Cal. 140, 84 Pac. 838, 4 L. R. A. (N. S.) 1159, and cases cited in note thereto. See also note 64 Am. Dec. 281.

The liability of a child to support its parent is statutory. Sec. 5 of ch. 28, R. S. 1849, provided:

"The father, mother, and children, being of sufficient ability, of any poor person who is blind, old, lame, impotent, or decrepit, so as to be unable to maintain himself, shall, at their own charge, relieve and maintain such poor person, in such manner as shall be approved by the supervisors of the town where such person may be."

Sec. 6 made it the duty of the supervisors to apply to the judge of the county court to fix the liability. This section has been amended from time to time and appeared as sec. 1502, Stats. 1898. The court had that statute under consideration in Saxville v. Bartlett (1906), 126 Wis. 655, 658, 105 N. W. 1052. This section is now sec. 49.11. While the statute has been amended from time to time, it is in substance the same statute that was under consideration in Saxville v. Bartlett. After reciting the procedural provisions of what is now sec. 49.11, the court said:

"It is very apparent that these sections are prospective in their character, and do not contemplate that a town or an

individual may proceed to relieve a pauper and afterwards recover the amounts expended of the proper relative, but rather that the supervisors, upon failure of such relative to maintain the pauper in a manner approved by them, may apply to the county judge to fix the manner and amount of the relief to be given by the relative or relatives in the future, and upon a failure to comply with that order may by action recover the amounts unpaid under the order for the use of the poor. This is plainly a case where a new right has been created and a complete remedy for its enforcement has been provided with it. The law is well settled that in such a case the remedy provided is exclusive." (Citing cases.)

It is clear from a consideration of this case that the liability of a child for the support of a parent can only be enforced by the statutory proceeding, and that the liability of the child is measured by the extent of its failure to comply with the determination of the county court. No effort has been made in this case to proceed in the manner prescribed by statute. The county court evidently assumed that there was a direct liability, independent of the statute for the support of an indigent parent by a child.

Much was said in the briefs and on oral argument about the jurisdiction of the county court. That was beside the point. The question here is one of liability, not of jurisdiction. It may be conceded that, if a child at common law was liable for the support of its indigent parent, the county court would have jurisdiction to enforce it against the ward. The county court in this case had no power to create liability, it could only enforce an existing liability.

Some contention was made upon the oral argument and in briefs that the fund was derived from the United States, and was charged thereby with the support of the mother under the facts of this case. No effort was made to establish such a liability, if any exists, and therefore we do not consider it.

The petition was for the allowance of a claim out of the estate of the incompetent generally. No effort was made to

charge a specific fund. It was distinctly held in the *Saxville Case, supra,* that an independent action could not be maintained against a child by one who had furnished support to an indigent parent.

It is also contended that the order can be sustained under the provisions of sec. 319.26, Stats., which provides:

"Every guardian shall manage the estate of his ward frugally and without waste and apply the personal property or the income therefrom or from the real estate, as far as may be necessary for the suitable education, maintenance and support of the ward and of his family, if there be any legally dependent upon him for support, and for the care and protection of his real estate. . . ."

It does not appear from the allegations of the petition that the mother was or is a member of the ward's family. On the contrary, it appears from the evidence that she has been supported by funds derived from the federal government. Whether the mother would under any circumstances be a member of the ward's family within the meaning of that term as used in sec. 319.26, Stats., is a question not presented by the pleadings, and one which cannot be determined in this proceeding. We are cited to a number of cases from other jurisdictions which are not very persuasive, inasmuch as no reference is made to the statutes of the jurisdictions in which they were rendered. The statutes of Wisconsin prescribe a definite procedure for determining the liability of a child for the support of its parent. The procedure thus indicated should be followed. If the determination of the trial court in this case should be upheld, the procedure under sec. 49.11 would be obviated, and it would be equivalent to a holding that there was a common-law liability on the part of the child to support its parent. For the reasons stated, the orders appealed from cannot be sustained.

*By the Court.*—The orders appealed from are reversed, and cause remanded with directions to dismiss the petitions.