HOME OWNERS' LOAN CORPORATION, Appellant, vs. ROBINSON and another, Respondents.

*March 8—May 9, 1939.*

For the appellant there was a brief by *Jacobson, Malone & Hippenmeyer* of Waukesha, attorneys, and *Thomas F. Shannon* of Milwaukee, assistant state counsel for the Home Owners' Loan Corporation, of counsel, and oral argument by *Richard S. Hippenmeyer* and *Marcus A. Jacobson.*

For the respondents there was a brief by *Lowry & Williams* of Waukesha, and oral argument by *Homer J. Williams.*

NELSON, J.   The plaintiff contends that the court erred, (1) in denying its motion for judgment, and (2) in ordering

that application be made to refer the matter to the mediation board of Waukesha county, because the statutes which require a hearing before the mediation board before a judgment in foreclosure action can be entered, are not applicable to the plaintiff, a federal loan agency.

The facts are not in dispute. The plaintiff is a federal corporation created by an act of the congress of the United States (effective June 13, 1933, ch. 64, art. I, sec. 4, 48 Stat. 128, 129, as amended, title 12, § 1463, USCA), enacted for the purpose of making loans to financially distressed homeowners, for a period of three years after the date of its enactment. The act provided that after its purpose was accomplished, the corporation should be liquidated. The act further provided that loans made to homeowners should be amortized by monthly payments sufficient in amount to retire the interest and principal within a period of not to exceed fifteen years. The act specifically provided:

"The corporation may at any time grant an extension of time to any homeowner for the payment of any instalment of principal or interest owed by him to the corporation if, in the judgment of the corporation, the circumstances of the homeowner and the condition of the security justify such extension."

Prior to the enactment of the Home Owners' Loan Corporation Act by the congress, the legislature, on February 23, 1933, enacted ch. 15, Laws of 1933, published February 24, 1933, which created secs. 281.20 to 281.23 of the statutes, for the purpose of providing "machinery for the adjustment, extension and compromise of incumbrances on homes." The legislature declared that such provisions were "made necessary by the existence of an economic emergency, so great that it constitutes a serious menace to the health, morality, comfort, prosperity and peace of the people of this state." In sec. 281.21, it was provided that the act was "enacted as temporary emergency legislation, the provisions of which shall

apply only to obligations secured by mortgage, land contract, trust deed, or other security in the nature of a mortgage upon real estate which constitutes a home." Sec. 281.22 defined "local board," "home," and "owner." Sec. 281.23 created in each county a local mediation board and defined the powers of such boards. That act provided only for voluntary mediation upon the application of either party. Its obvious purpose was to bring the parties before the mediation board to the end that some agreed adjustment, extension, or compromise of the indebtedness on a home might possibly be effected. It gave to the mediation board an opportunity, after hearing the parties, to report its recommendations to the court in which the action was pending, to the end that the court might have full information before applying the moratorium statutes contained in ch. 278, Stats., which relates to the foreclosure of mortgages. Sec. 281.23, sub. (7), of the mediation act provided:

"(7) The court, in exercising the discretion conferred upon it in chapter 278 of the statutes, shall take into consideration the refusal of either party to submit to mediation or his failure to accept the recommendations of the local mediation board for the voluntary adjustment of the obligation."

Thereafter, on June 9, 1933, four days before the federal Home Owners' Loan Corporation Act became effective, the legislature enacted ch. 240, Laws of 1933, published June 12, 1933, which in part provided:

"278.107 *Not applicable to federal loans.* Sections 278.101 to 278.106 and also section 269.58 shall not apply to loans heretofore or *which may hereafter be made,* discounted, or rediscounted by the United States, the Reconstruction Finance Corporation, the Federal Credit Administration, federal land banks, joint stock land banks, federal home loan banks, federal intermediate credit banks, regional agricultural credit corporations, or any other federal or *quasi*-federal department, agency or institution, nor to the security given for such loans."

It is clear that that section was enacted for the purpose of encouraging all federal loan agencies to come into this state and to make loans to citizens of this state who were in financial distress as a result of the depression and the emergency situations to which it had given rise. Ch. 240, Laws of 1933, was passed in the assembly by the unanimous vote of all members present and thereafter promptly passed by the senate. It clearly rendered our moratorium laws inapplicable to loans made by federal agencies. Thereafter, on July 25, 1933, the legislature, by the enactment of sec. 9, ch. 494, Laws of 1933, published August 4, 1933, amended said sec. 278.107 to read as follows:

"278.107 *Not applicable to federal loans.* Sections 278.101 to 278.106, 269.58, 281.20 to 281.22, 297.131 and 297.132 shall not apply to loans heretofore or which may hereafter be made, discounted, or rediscounted by the United States, the Reconstruction Finance Corporation, the Federal Credit Administration, federal reserve banks, federal land banks, joint stock land banks, federal home loan banks, federal intermediate credit banks, regional agricultural credit corporations, or any other federal or *quasi*-federal department, agency or institution, nor to the security given for such loans."

By that amendment secs. "281.20 to 281.22," and "297.131 and 297.132," and "federal reserve banks" were specifically included. The bill was introduced by the committee on judiciary of the senate on July 22, 1933. It was enacted exactly as introduced. Immediately following the proposed section, the following explanation was contained in the original bill:

"Note: This amendment is requested by Gov. Schmedeman because the Federal Reserve Bank of Minneapolis has expressed doubts about chapter 240 applying to federal reserve banks."

Upon its introduction, the rules were suspended and the bill was passed by the senate on the very day it was introduced, and sent to the assembly. The bill which also related to other subjects was amended and passed on July 25, 1933.

No amendment to sec. 278.107 was offered. Upon the return of the bill to the senate it was promptly concurred in by that body. It was thereafter approved by the governor.

On May 24, 1934, the plaintiff loaned to the defendants the sum of $5,000 secured by the mortgage sought to be foreclosed. The Home Owners' Loan Corporation Act provided, as hereinbefore stated, that its purpose was to make loans to financially distressed homeowners for the period of three years after the date of its enactment. The three-year period would not expire until 1936. Notwithstanding this fact, the legislature, in 1935, enacted ch. 319, Laws of 1935, which repealed sec. 278.107, *supra,* and also repealed sec. 281.20 to 281.24, and enacted several new sections, similar in many respects to the repealed sections relating to mediation, but making a reference to the mediation board compulsory in foreclosure actions. Sec. 281.21 (1), as then enacted, provided:

"The provisions of sections 281.20 to 281.209 shall not apply to any mortgage while such mortgage is held by the United States or by any agency, department, bureau, board or commission thereof, as security or pledge of the maker, its successors or assigns, nor shall the provision of such sections apply to any mortgage held as security or pledge to secure payment of a public debt or to secure payment of the deposit of public funds."

In 1937, the legislature, at its special session enacted ch. 5, Laws of Sp. Sess. 1937, sec. 1, of which provided:

"Subsection (1) of section 281.21 of the statutes, is repealed."

The repeal of sec. 278.107 by the 1935 legislature, and the repeal of sub. (1) of sec. 281.21, by the legislature at its 1937 special session, impliedly left the loans of all federal agencies subject to both the moratorium and mediation laws.

At the time the plaintiff moved for judgment, the defendants were in default as to many of their monthly payments. The evidence shows that the defendants were indebted to the

plaintiff in the sum of $4,977.02 principal, $377.76 interest, $361.76 for taxes paid by the plaintiff, and $15.07 for insurance premiums paid by the plaintiff,—a sum amounting in all to $5,731.11, which exceeded the amount of the original loan by $731.11. The defaults in the payment of principal aggregated the sum of $1,039.88.

The plaintiff's "summary and recommendation analysis and review section," introduced at the hearing, contained the following statement recommending foreclosure for the following reasons:

"The borrower is unemployed, but does odd jobs and earns approximately $30 per month. Wife and four children dependent. An employed daughter contributes $20 monthly and $27 is received monthly from roomers. Borrowers were interviewed eight times beginning in February, 1936. Two liquidating promises were made but not fulfilled. Leniency was granted on five occasions to allow for improved earnings. Borrower was laid off in November, 1937, and has been approved for W. P. A. employment, but refused to accept it because it was manual labor. He refuses to offer the property for sale. Only one loan payment has been received since November, 1937. Two years of taxes amounting to approximately $285 are delinquent. Considering the present loan and tax delinquency, coupled with the nonco-operative attitude of the borrower, we do not believe further leniency is warranted."

It is clear that the 1933 legislature enacted chs. 240 and 494, Laws of 1933, for the purpose of making it absolutely clear that the moratorium and mediation statutes were not to apply to loans made by federal departments, institutions, and agencies.

We may take judicial notice of the fact that in the year 1933 the depression had probably reached its greatest depth following the closing of numerous banks in March of that year. It was during that year that much of our so-called emergency legislation was enacted. It was during that year

that the plaintiff corporation was created by the congress to relieve financially distressed homeowners in this and other states. In the financial emergency that existed, the distressed homeowners in large numbers looked to the federal government and its agencies to refinance their existing indebtedness on their homes, and the federal government and its agencies came to the rescue and relieved the emergency which confronted many of the financially distressed homeowners of this state. It is also clear that in 1933 the legislature was of the opinion that our moratorium and mediation laws should be inapplicable to loans made by the federal government and its agents.

If, by enacting ch. 319, Laws of 1935, and ch. 5, Laws of Sp. Sess. 1937, the legislature intended to repudiate the statutory assurances which had been given to the federal government and its agencies by chs. 240 and 494, Laws of 1933, and intended to make our moratorium and mediation laws applicable to loans of federal agencies, then such moratorium and mediation acts, in so far as they are impliedly applicable to such agencies, cannot be upheld as emergency legislation. The loans made by the federal agencies, particularly those made by the plaintiff, tended greatly to relieve the emergency then existing and obviously had not added to or created any new emergency.

Under the facts of this case, and especially in view of the statutory assurances given to the plaintiff before it made a loan to the defendants, we also hold that the legislature was without power to pass a law which would retroactively affect loans made by federal agencies during the time that they were expressly not subject to the moratorium and mediation laws of this state. It is our opinion that the trial court erred in denying the plaintiff's motion for judgment and in ordering that application be made to refer the matter to the mediation board of Waukesha county.

This disposes of the present case and we need not presently decide (1) whether the following language of the Home Owners' Loan Corporation Act:

"The corporation may at any time grant an extension of time to any homeowner for the payment of any instalment of principal or interest owed by him to the corporation if, in the judgment of the corporation, the circumstances of the homeowner and the condition of the security justify such extension," 12 USCA, § 1463,—

gave to the corporation the sole and exclusive authority to grant extensions; or (2) whether the repeal of secs. 278.107 and 281.21 (1), impaired the plaintiff's contract.

*By the Court.*—Order reversed, and cause remanded for further proceedings.