MILLER and another, Respondents, vs. DEPARTMENT OF TAXATION, Appellant. [Five cases.]

*November 13—December 8, 1942.*

For the appellant there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

For the respondents there was a brief by *Lecher, Michael, Whyte & Spohn* of Milwaukee, and oral argument by *George D. Spohn.*

ROSENBERRY, C. J.   Clara A. Miller, the donor, had five children, Charlotte Miller Blommer, Claire Miller McCahey, Marguerite Miller Bransfield, Loretta Miller Kopmeier, and Frederick C. Miller.   On March 15, 1937, she transferred to each of her children five hundred shares of the capital stock of the Miller Brewing Company, at the agreed value of

$150,000. On December 25, 1938, she conveyed to each of her children two hundred fifty shares of the capital stock of the Oriental Realty Company of the agreed value of $50,000.

The controversy turns upon the application of the Gift Tax Act and is disclosed by the following table:

|  | Total gift | $150,000.00 |  |  |
|  | Exemption | 400.00 |  |  |

|  | Assessment | | As found by lower court | |
|  | Amount of Gift | Tax | Amount of Gift | Tax |
| --- | --- | --- | --- | --- |
| *Tax on first bracket* | $400.00 | exempt | $400.00 | exempt |
| Tax at 2% | $24,600.00 | $492.00 | $24,600.00 | $492.00 |
| 25% of excess over $100 of tax at rates specified in pars. (a) to (d)— |  |  |  | 98.00 |
| *Tax on second bracket—4%* | 25,000.00 | 1,000.00 | 25,000.00 | 1,000.00 |
| *Tax on third bracket—6%* | 50,000.00 | 3,000.00 | 50,000.00 | 3,000.00 |
| *Tax on fourth bracket—8%* | 50,000.00 | 4,000.00 | 50,000.00 | 4,000.00 |
| Sub total |  | $8,492.00 |  | $8,590.00 |
| "Additional" tax (25% of excess of $8,492 over $100) |  | 2,098.00 |  |  |
| Total tax |  | $10,590.00 |  | $8,590.00 |

The difference of $2,000 between the amount assessed and the amount found by the lower court results from the fact that the additional tax of twenty-five per cent in excess of $100 is applied by the taxing authorities to the whole amount whereas the trial court applied the additional tax to the tax on the first $25,000. A determination of the controversy requires a construction of the applicable statutes.

The sections in controversy are as follows:

618

*Subs. (3) and (4) of sec. 4, ch. 363, Laws of 1933:*

"(3) When the value of the transfers within the same calendar year shall exceed the exemption specified in subsection (6) and shall not exceed twenty-five thousand dollars the tax thereon shall be:

"(a) Two per centum where the donee shall be the husband, wife, lineal issue, lineal ancestor of the donor or any child adopted by the donor as such in conformity with the laws of this state, or any child to whom such donor for not less than ten years prior to the date of such transfer stood in the mutually acknowledged relation of parent; provided, however, such relationship began at or before the child's fifteenth birthday and was continuous for said ten years thereafter, or any lineal issue of such adopted or mutually acknowledged child.

"(b) Four per centum where the donee shall be the brother, sister or a descendant of a brother or sister of the donor, the wife or widow of a son or the husband of a daughter of the donor.

"(c) Six per centum where the donee shall be the brother or sister of the father or mother or a descendant of the brother or sister of the father or mother of the donor.

"(d) Eight per centum where the donee shall be of any other degree of collateral consanguinity than as heretofore stated, or shall be a stranger to the blood of the donor, or shall be a body politic or corporate.

"(e) *Where the tax at the rates specified in paragraphs (a) to (d) exceeds one hundred dollars an additional tax equal to twenty-five per cent of the excess over one hundred dollars of tax shall be collected.*

"(4) The rates in subsection (3) are for convenience termed the 'primary rates.' When the value of the gift exceeds twenty-five thousand dollars the rates of tax on such excess shall be as follows:

"(a) Upon all in excess of twenty-five thousand dollars and up to fifty thousand dollars, two times the primary rates.

"(b) Upon all in excess of fifty thousand dollars and up to one hundred thousand dollars, three times the primary rates.

"(c) Upon all in excess of one hundred thousand dollars, and up to five hundred thousand dollars, four times the primary rates.

"(d) Upon all in excess of five hundred thousand dollars, five times the primary rates.

"(e) No such tax, however, shall exceed fifteen per cent of the value of such gift." (Italics supplied.)

Appellant contends that the additional tax specified in sub. (3) (e) applies not only to the tax levied under sub. (3) but also to the tax levied under sub. (4) (a) to (d). The argument is that the introductory paragraph of sub. (4) denominating "the rates in subsection (3)" as primary rates clearly includes therein the provisions of par. (e) of sub. (3) as applicable to the higher brackets as prescribed in sub. (4). We are unable to follow the appellant's argument which seems to us to result in a *non sequitur*. The contention of appellant that the primary rates mentioned in the first sentence of sub. (4) include the additional tax prescribed by par. (e) takes no account of the fact that sub. (4) provides that the tax to be levied upon all in excess of $25,000 and up to $50,000 shall be two times the primary rates. It does not say two times the primary rate plus the additional tax. It is clear to our mind that primary rate refers to sub. (3) (a), (b), (c), and (d), and that the additional tax provided for in par. (e) is not a primary rate. The appellant endeavors to sustain its position by reference to the inheritance tax statutes. Prior to the enactment of ch. 363, Laws of 1933, Wisconsin had no gift tax but had had an inheritance tax for a number of years, which was contained in ch. 72 of the statutes.

By sec. 2 of ch. 363, Laws of 1933, there was imposed an additional emergency income tax and by sec. 3 an additional tax upon inheritances. This additional inheritance tax was in addition to the regular inheritance tax imposed by the then existing provisions of ch. 72 of the statutes and said sec. 3 explicitly provided that such additional inheritance tax was twenty-five per cent of the whole amount of the regular inheritance tax under ch. 72, Stats., which was in excess of $100.

Following secs. 2 and 3 came sec. 4, which imposed the gift tax. From this it is argued that the gift tax and the inheritance tax being in *pari materia,* impels the conclusion that the gift tax imposed by sec. 4 of ch. 363, Laws of 1933, was comparable to and substantially the same as the inheritance tax as imposed by ch. 72, Stats., and sec. 3 of ch. 363, Laws of 1933. While it is true as contended by appellant that in many respects other than rates, brackets, etc., the gift-tax legislation followed the pattern of the inheritance tax, nevertheless if the legislature had intended to create a difference, we do not see how it more readily could do it than by omitting the additional tax from sub. (4) as it did do. It is to be noted in this connection that the gift tax is limited under sec. 4 (4) (e) to fifteen per cent of the value of such gift while no such limitation is made as to the inheritance tax under sec. 3 of ch. 363. Just why the legislature made these distinctions it is difficult to say, but that it did make them, there can be no doubt. We conclude therefore that the trial court correctly found that the twenty-five per cent additional tax should not be applied to the rates prescribed in sub. (4).

Two of the donees, Claire Miller McCahey and Marguerite Miller Bransfield, were nonresidents. The appellants contend that they are subject to the gift tax while the donees claim that being nonresidents the tax does not apply to them. Ch. 363, Laws of 1933, imposes no tax upon a resident donor. Under that act the tax is imposed upon the donee. *Ingram v. State* (1941), 236 Wis. 449, 295 N. W. 749.

The appellant contends, (1) that the donees were subject to a tax under ch. 363, Laws of 1933; (2) that if the tax is not imposed by ch. 363, Laws of 1933, it is imposed by ch. 307, Laws of 1937. In support of its argument that the tax is imposed by ch. 363, Laws of 1933, appellant relies upon sub. (7) (c) of sec. 4 of that chapter.

"(c) The assessor of incomes of the assessment district in which the donee resides shall assess the tax due on such trans-

fers under this chapter and the tax so assessed shall be paid to the same officer and at the same time as income taxes are paid."

Sec. 71.02 (Stats. 1933) of the Income Tax Act provides for the assessment of income tax against a nonresident upon income derived from property located or business transacted within this state. Sub. (c) does not make applicable to gifts made to nonresidents the rate provisions of the Income Tax Law but refers merely to procedural matters. It is clear under the language of the act that no tax was imposed upon gifts to nonresident donees by ch. 363, Laws of 1933.

In connection with the contention of appellant that ch. 307, Laws of 1937, applies as against the nonresident donees, we shall consider the whole matter of the retroactivity of ch. 307 as applied to both donors and donees. In this connection we refer to the peculiar wording of the statute under which the emergency gift tax was imposed. Ch. 363, Laws of 1933, sec. 4 (1), reads:

"An emergency tax is imposed upon transfers of property, real, personal or mixed . . . which are made subsequent to the effective date of this act and prior to July 1, 1935. . . ."

By its terms the act does not apply to gifts made after July 1, 1935. It applies only to gifts made during a definite period.

Ch. 15, Laws of 1935, sec. 7, provides:

"The introductory paragraph of subsection (1) of section 4 of chapter 363, Laws of 1933, is amended to read: (Ch. 363, Laws of 1933) (Section 4) (1) (Introductory paragraph). An emergency tax is imposed upon transfers of property, real, personal or mixed . . . which are made subsequent to the effective date of this act and prior to July 1, 1937. . . ."

This likewise applies to gifts made during a prescribed period. This act was published March 27, 1935.

Ch. 32, Laws of 1937, provides:

"(Chapter 363, Laws of 1933) (Section 4) (1) (Introductory paragraph) (as amended by section 7 of chapter 15,

Laws of 1935),'' is amended to read: "An emergency tax is imposed upon transfers of property, real, personal or mixed, . . . which are made subsequent to the effective date of this act and prior to July 1, 1939, in the following cases, except as hereinafter provided."

This act was published March 24, 1937. While these acts are amendatory in form they in fact impose the tax for the several periods specified. But for the enactment of ch. 15, Laws of 1935, no emergency gift tax law would have been in effect on March 15, 1937, the day on which the gifts were made. While ch. 15 by its terms embraces the period from its effective date to July 1, 1937, ch. 32, Laws of 1937, applies from the effective date of the act, which is March 24, 1937, so that ch. 32 superseded ch. 15, Laws of 1935, to that extent. Under the specific wording of these several acts it is considered that the only emergency gift tax law in effect on March 15, 1937, the date of the making of the gifts in question, was ch. 363, Laws of 1933, as amended in 1935. The provisions of ch. 307, Laws of 1937, cannot be made retroactive to a date prior to the time when ch. 32, Laws of 1937, went into effect because at the time of the enactment of ch. 307, no other emergency gift tax than that contained in ch. 32 imposing an emergency gift tax was in effect. Ch. 363, Laws of 1933, expired by its terms on July 1, 1935. It is to be noted that the legislature did not endeavor to extend an already existing tax but specifically imposed a tax for definite periods by the enactment of ch. 363, Laws of 1933, ch. 15, Laws of 1935, and ch. 32, Laws of 1937, so that when ch. 307 was enacted it could not have been within the contemplation of the legislature that the act should modify a tax imposed by ch. 15, Laws of 1935. This answers the whole argument in relation to the retroactivity of ch. 307. If that chapter was retroactive to any extent, it could only have been retroactive as applied to gifts made after March 24, 1937, the effective date of ch. 32.

Appellant's contention that the Income Tax Law is applicable because in *pari materia* fails for another reason. An income tax applicable to past-earned income is valid. *Welch v. Henry* (1937), 223 Wis. 319, 271 N. W. 68. Affirmed, 305 U. S. 134, 59 Sup. Ct. 121, 83 L. Ed. 87. A Gift Tax Law, however, cannot constitutionally be made applicable to a completed gift made prior to its enactment. *Blodgett v. Holden* (1927), 275 U. S. 142, 48 Sup. Ct. 105, 72 L. Ed. 206; *Untermyer v. Anderson* (1928), 276 U. S. 440, 48 Sup. Ct. 353, 72 L. Ed. 645.

The appellant argues that these cases are modified by *Milliken v. United States* (1931), 283 U. S. 15, 51 Sup. Ct. 324, 75 L. Ed. 809. That case related to the taxation of gifts made in contemplation of death as part of the estate of the deceased and has no application to gifts not made in contemplation of death. So far as we are able to ascertain *Blodgett v. Holden, supra,* and *Untermyer v. Anderson, supra,* have not been overruled or modified. The trial court correctly held that the gifts in question were properly taxable under ch. 15, Laws of 1935, and that ch. 307, Laws of 1937, had no application to gifts made March 15, 1937.

*By the Court.*—The judgment in each case is affirmed.