ESTATE OF SEELY: STATE and another, Appellants, vs. SEELY and another, Respondents.

*December 9, 1954—January 11, 1955.*

For the appellants there were briefs by the *Attorney General* and *Stewart G. Honeck,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

For the respondents there was a brief and oral argument by *James L. Murat* of Stevens Point.

GEHL, J. The findings of the county judge that—

"Jesse Seely, adult son of Clara C. Seely, decedent, the sole beneficiary under her will, is an incapacitated, incompetent person, unable to earn his own livelihood, and in all probability such incapacity will be permanent,"

is not attacked. He is entitled to the estate if he qualifies as a *legal* dependent of Clara C. Seely as the term is used in sec. 45.37 (3) (a), Stats., which provides as follows:

"If any member of the Home shall die without legal dependents, his real property shall descend and his personal property shall be distributed to the state of Wisconsin as sole heir for the sole use and benefit of the Home, and no will, previously or hereafter drawn, making a contrary disposal shall be valid. A wife or mother residing at the Home shall be included among and considered as a legal dependent for the purpose of this subsection."

It is agreed that under the common law Jesse Seely would not qualify as a legal dependent of his mother and that if he had that status he could have acquired it only by virtue of some statutory provision. We find no provision in ch. 45, Stats., which is entitled "Veterans' Affairs, Benefits and

Memorials" which can be construed to qualify him as a legal dependent. Sec. 45.35 (5b), Stats., provides:

" 'Dependent' of a veteran as used in this section means and includes:

"(a) A wife or husband; or a divorced wife only when receiving benefits under a court order.

"(b) Any natural child under eighteen years of age, or if in full attendance at a recognized school of instruction, *or of any age if incapable of self-support by reason of mental or physical defect. . . ."*

Counsel for petitioner urges that this provision should be read to indicate a purpose on the part of the legislature to include Jesse Seely as a legal dependent within the meaning of sec. 45.37 (3) (a), Stats. We do not agree. First, the provisions of sub. (5b) of sec. 45.35 are by their own terms made applicable only to that section, and second, Clara Seely was not a veteran.

Petitioner contends that sec. 52.01 (1), Stats., should be interpreted as defining Jesse Seely as a legal dependent of his mother within the meaning of sec. 45.37 (3) (a). That section provides:

"The parent, spouse, and child of any dependent person (as defined in s. 49.01) who is unable to maintain himself shall maintain such dependent person, so far as able, in a manner approved by the authorities having charge of the dependent, or by the board in charge of the institution where such dependent person is; but no child of school age shall be compelled to labor contrary to the child-labor laws."

Sec. 49.01 (4), Stats., provides:

" 'Dependent person' or 'dependent' means a person without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide the necessary commodities and services specified in subsection (1)."

The portion of sec. 52.01, Stats., which is quoted above, declares a principle, but it is not self-executing. The legal liability of the relative to maintain the dependent person is not established until there has been compliance with the subsequent provisions of sec. 52.01, and certainly, one may not be considered a legal dependent of another until a legal obligation to support the former has been imposed, in this case by statute. Sec. 52.01 provides for a system of establishing liability, creating a relationship, and enforcing the liability. Its provisions are prospective in character. *Saxville v. Bartlett,* 126 Wis. 655, 105 N. W. 1052. The obligation arises only after notice and hearing and when the court has made an order authorized by the statute; it is not complete until the court has found the necessity for aid, the ability of the relative or relatives sought to be charged, the amount required for the support of the indigent person, and has determined which of the relatives shall contribute, has prescribed the proportion each relative shall contribute, and the dates upon which payments should be made, all in accordance with sec. 52.01 (4). Sec. 52.01 contains no provision authorizing a judgment or order for the payment of maintenance furnished an indigent person prior to the hearing therein provided. The only provision which authorizes recovery is sub. (6) which it will be observed permits recovery of only that which the relative has neglected to provide as ordered. Sub. (6) provides:

"If any relative *who has been ordered* to maintain a dependent person neglects to do *as ordered,* the authorities or board may recover in an action on behalf of the municipality or institution for relief or support accorded the dependent person against such relative the sum prescribed for each week the order *was* disobeyed up to the time of judgment, with costs."

Consequently, the indigent does not become a dependent within the meaning of sec. 52.01, Stats., until a relative has

been required by the court's order to pay. In *Guardianship of Heck,* 225. Wis. 636, 275 N. W. 520, it was sought, under the provisions of sec. 49.11, Stats. 1935, to charge the estate of an incompetent son for the support of his mother. The statute was in substance the same as sec. 52.01. The county court had ordered payment. This court, after discussing and quoting from *Saxville v. Bartlett, supra,* said (p. 639):

"It is clear from a consideration of this case that the liability of a child for the support of a parent can only be enforced by the statutory proceeding, and that the liability of the child is measured by the extent of its failure to comply with the determination of the county court. No effort has been made in this case to proceed in the manner prescribed by statute. The county court evidently assumed that there was a direct liability, independent of the statute for the support of an indigent parent by a child."

If the liability of a relative for the support of an indigent is to be measured only by the extent of his failure to comply with the determination of the county court, it cannot possibly be said that the indigent is a legal dependent of the relative until there has been such determination.

*By the Court.*—Order and judgment reversed.

CURRIE, J. (*dissenting*). The sole issue on this appeal is whether an incapacitated, incompetent, adult son of a member of the state's Home for Veterans is a *"legal dependent"* within the meaning of sec. 45.37 (3) (a), Stats., quoted in the majority opinion. If he is, then he is entitled to take under the will of the deceased, but, if not, then the estate is forfeited to the state for the benefit of its Home for Veterans.

At common law it was generally held that there was no duty upon a parent to support an incapacitated or incompetent adult child, and, therefore, such an adult child could not be deemed to be a legal dependent of the parent. 41 Am. Jur.,

Poor and Poor Laws, p. 685, sec. 7. Has Wisconsin by statutory enactment changed this common-law rule? We believe that it has.

The term *"legal dependent,"* as employed in sec. 45.37 (3) (a), Stats., as applicable to a resident of the Home who is not a veteran, is not specifically defined in ch. 45, Stats., so we must turn in our search to ch. 52, Stats., entitled "Support of Dependents." Sec. 52.01 thereof provides:

"LIABILITY OF RELATIVES; ENFORCEMENT. (1) The parent, spouse, and child *of any dependent person (as defined in s. 49.01)* who is unable to maintain himself shall maintain such dependent person, so far as able, in a manner approved by the authorities having charge of the dependent, or by the board in charge of the institution where such dependent person is; . . ." (Italics supplied.)

It is apparent from reading this statute that an adult child may be a legal dependent of the parent if coming within the definition prescribed by sec. 49.01, Stats. This is so because the statute employs the term *"parent"* without qualification.

A "dependent" is defined by sub. (4) of sec. 49.01, Stats., as a "person without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide the necessary commodities and services specified in subsection (1)." The "necessary commodities and services" specified in sub. (1) of sec. 49.01 are "such services, commodities, or money as are reasonable and necessary under the circumstances to provide food, housing, clothing, fuel, light, water, medicine, medical, dental, and surgical treatment (including hospital care), optometrical services, nursing, transportation, and funeral expenses."

The majority opinion adopts the view of the attorney general that the foregoing-quoted portions of secs. 52.01 and 49.01, Stats., in so far as they impose liability upon a parent

to support an adult incapacitated child is concerned, are only applicable to situations where the district attorney has instituted county court proceedings to compel the parent to support such child. We concede that these statutes provide the only method whereby a reluctant parent may be compelled by law to fulfil his or her duty to support an incapacitated or incompetent adult child. *Saxville v. Bartlett* (1906), 126 Wis. 655, 105 N. W. 1052; and *Guardianship of Heck* (1937), 225 Wis. 636, 275 N. W. 520.

This brings us to the crucial question on this appeal, *i. e.,* did the legislature by its use of the term *"legal dependent"* in sec. 45.37 (3) (a), Stats., intend to cover only such adult incapacitated or incompetent child with respect to whom a county court order for support had been obtained, or did it intend to embrace any such adult child for whose benefit such an order would be obtainable if the parent had failed in his or her duty to provide proper support?

In order to bring the issue into sharper focus let us assume the following examples:

(a) A lady member of the Home at King receives an inheritance and immediately applies it to the support of an adult incapacitated son in financial need of such assistance.

(b) Another lady is a member of such Home and receives a similar inheritance. She also has an adult incapacitated son in need of assistance but fails to use any of her inheritance for the support of her son. The public authorities supply assistance and then obtain a county court order against the mother for support, pursuant to sec. 52.01, Stats.

Under the majority decision, if both mothers should die while members of the Home leaving wills bequeathing their estates to such sons, the estate of the mother in example (a) would be forfeited to the state, while that of the mother in example (b) would pass under her will to her incapacitated son.

· Such a result would penalize the mother who performed her obligation to support her incapacitated adult son and would reward the mother who did not. This court has given repeated recognition to the rule of statutory construction that unreasonableness or absurdity is to be avoided if a statute is ambiguous or its terms are fairly susceptible of two constructions. *Pfingsten v. Pfingsten* (1916), 164 Wis. 308, 313, 159 N. W. 921; *Laridaen v. Railway Express Agency, Inc.* (1951), 259 Wis. 178, 182, 47 N. W. (2d) 727; and *Connell v. Luck* (1953), 264 Wis. 282, 284, 58 N. W. (2d) 633. We deem that this is a proper case in which to apply such principle.

We, of the minority, therefore, conclude that a *"legal dependent"* of a member of the Home for Veterans within the meaning of sec. 45.37 (3) (a), Stats., embraces any person meeting the definition of a *"dependent"* set forth in sec. 49.01 (4) who is of the degree of kindred or legal relationship specified in sec. 52.01 (1), viz., a parent, spouse, or child, irrespective of whether or not a county court order may have been entered against the resident of the Home to compel support of such person.

In the instant case Clara C. Seely had a life estate in a tract of 40 acres of poor land in Portage county, upon which there was located a house. Her son Jesse and his family had been permitted by Clara to occupy these premises as their home since 1935 rent-free, except for the payment of taxes. Thus Clara had actually been contributing to the support of her incapacitated, incompetent son for many years prior to her death.

For the foregoing reasons, we would affirm the determination of the learned trial court that Jesse Seely was the legal dependent of his mother at the time of her death within the meaning of sec. 45.37 (3) (a), Stats.

I am authorized to state that Mr. Justice BROADFOOT and Mr. Justice STEINLE concur in this dissent.