Joseph M. STONE, Executor of the Will of Elna H. Wharton, Deceased, Appellant,

v.

Agnes Wharton BREWSTER, Appellee.

No. 3788.

District of Columbia Court of Appeals.

Argued Jan. 18, 1966.

Decided March 24, 1966.

Warren Woods, Washington, D. C., with whom Jon F. Hollengreen, Washington, D. C., was on the brief, for appellant. Edward G. Villalon, Washington, D. C., also entered an appearance for appellant.

Richard A. Mehler, Washington, D. C., with whom Lawrence S. Schaffner, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The District of Columbia Public Assistance Act of 1962,[1] makes the husband, wife, father, mother, or adult child of a person in need of public assistance responsible, according to his ability to pay, for the support of such person; and the statute provides that such person may bring an action to require any of the named responsible persons to provide such support. Such an action must be brought in the Domestic Relations Branch of the trial court, and that court is given the power to make orders requiring the responsible person to pay "such sum or sums of money in such installments as the court in its discretion may direct and

1. D.C.Code 1961, §§ 3–201 to 3–223 (Supp. V, 1966).

such orders may be enforced in the same manner as orders for alimony." [2]

The present action was brought under the statute by a mother to compel one of her adult daughters to support her. The trial court denied relief.[3] The mother appealed but died while the appeal was pending. Her executor was substituted as appellant and seeks to continue prosecution of the appeal. Appellee daughter has moved to dismiss the appeal as moot, contending that the mother's death abated the action and that the statute may not be given retrospective effect.

■ We agree that the statute has only a prospective effect. When the mother died the action was ended, and therefore no order may now be entered for her support. At common law there was no duty on an adult child to support his parent,[4] and our statute does not ipso facto place such an obligation on the child. The statutory obligation does not arise until the court first determines the parent's need for support, the child's ability to furnish such support, and the extent to which such support should be furnished.[5]

■ It appears clear to us that the statute contemplates present and future support. We find nothing in the statute indicating that a child may be required to make restitution for what should have been paid in the past or to reimburse a private person for support already furnished.[6]

■ Since we hold that the statute is prospective only in its operation and effect, and that any right the mother had under the statute ceased to exist at her death, we need not consider the question of survival of such a statutory cause of action under D.C.Code 1961, § 12–101 (Supp. V, 1966).[7]

Appeal dismissed.

2. D.C.Code 1961, § 3–218(a) (Supp. V, 1966).

3. Under our disposition of the pending motion it is not necessary to discuss why relief was denied or whether such denial was correct.

4. In re Fitzwater's Guardianship, 69 F. Supp. 866 (D.D.C.1947).

5. See Condon v. Pomeroy-Grace, 73 Conn. 607, 48 A. 756, 53 L.R.A. 696 (1901); In re Seely's Estate, 268 Wis. 498, 67 N.W.2d 836 (1955).

6. See Haskamp v. Dwenger, 85 Ind.App. 255, 153 N.E. 815 (1926). Under a different statute, D.C.Code 1961, § 21–586 (Supp. V, 1966), it has been held that a relative of sufficient financial ability is liable for reimbursement to the District of Columbia "for the cost * * * of maintenance * * * including treatment," of one mentally ill. Harris v. District of Columbia, D.C.Cir., 357 F.2d 593 (decided March 4, 1966).

7. For cases discussing the survival of actions somewhat similar to the one here involved, see In re Samson's Estate, 142 Neb. 556, 7 N.W.2d 60, 144 A.L.R. 264 (1942); Creighton v. Pope County, 386 Ill. 468, 54 N.E.2d 543, 153 A.L.R. 802 (1944). Cf. State v. Stone, Tex.Civ.App., 271 S.W.2d 741 (1954).