SHEPARD, Chief Justice,
dissenting.
For reasons explained in my dissent in McCabe v. Comm’r, Ind. Dep’t of Ins., I think the majority wrongly holds in this case that attorney fees are a separate element of recovery under the Adult Wrongful Death Statute.
In this case, the Court goes beyond the McCabe holding, declaring that a surviving parent may recover for “loss of services” that the deceased adult child would have rendered.
The common law rule, still a principle of background law, held that there was not a legal obligation for a child to support his or her parent. Haskamp v. Swenger, 85 Ind.App. 255, 153 N.E. 815 (1926). Nevertheless, under the General Wrongful Death Statute, a parent might recover for pecuniary losses where the evidence showed that the parent had in fact been dependent on the deceased child for the necessities of life. N.Y. Central R.R. Co. v. Johnson, 234 Ind. 457, 127 N.E.2d 603 (1955).
*825 Of course, the very point of the Adult Wrongful Death Statute was to permit some recovery for survivors of an adult who had no dependents. This central purpose explains why the enumerated elements of damages focus solely on medical and burial expenses and on loss of love and affection.
The statute declares that it covers the death of an unmarried individual “who does not have any dependents.” Ind.Code 34-23-l-2(a). Holding that the statute affords recovery for “loss of services” by dependents is contrary to the language of the Code, and in a broader sense oxymo-ronic. This does not mean, of course, that a parent cannot recover damages for the loss of an adult child; it does mean that where recovery for loss of services is a crucial element of the claim the claimant should proceed under the General Wrongful Death Statute.
RUCKER, J., concurs.