ESTATE OF KUPLEN : MILWAUKEE COUNTY, Appellant, vs. JEZOVSEK, Executor, and others, Respondents.

*September 15—October 11, 1932.*

For the appellant there was a brief by *George A. Bowman,* district attorney of Milwaukee county, *O. L. O'Boyle,* corporation counsel, and *Clark J. A. Hazelwood,* assistant corporation counsel, and oral argument by *Mr. Hazelwood.*

For the respondents there was a brief by *Bauer F. Bullinger,* attorney for John Schlehlein, Jr., register in probate, *Rudolph J. Mudroch,* guardian *ad litem,* and *Brennan, Lucas & McDonough,* attorneys for Sam Jezovsek, executor, all of Milwaukee, and oral argument by *Mr. Bullinger* and *Mr. Mudroch.*

ROSENBERRY, C. J. The right of Milwaukee county to file a claim against the estate of the deceased is based upon sec. 49.10, Stats.

"49.10 *Property of indigent chargeable; recovery.* If any person at the time of receiving any relief, support or maintenance at public charge, under this chapter or as an inmate of any state or municipal institution, or at any time thereafter, is the owner of property, the authorities charged with the care of the poor of the municipality, or the board in charge of the institution, chargeable with such relief, support or maintenance may sue for and collect the value of the same against such person and against his estate. In any

such action or proceeding the statutes of limitation shall not be pleaded in defense; but the court may, in its discretion, refuse to render judgment or allow the claim in favor of the claimant in any case where a parent, wife or child is dependent on such property for future support. The records kept by the state or municipality for the purpose of showing the names and the value of the relief, support, or. maintenance furnished shall be *prima facie* evidence."

The executor claims that the claim is barred under the provisions of sec. 313.08.

"313.08 *Statute of limitations.* Every person having a claim against a deceased person, proper to be allowed by the court, who shall not after notice given as required by sections 313.03 and 313.04, exhibit his claim to the court within the time limited for that purpose, shall forever be barred from recovering such demand or from setting off the same in any action."

Sec. 330.18 provides:

*"Within ten years. . . .*

"(6) Any action in favor of the state when no other limitation is prescribed in this chapter. No cause of action in favor of the state for relief on the ground of fraud shall be deemed to have accrued until discovery on the part of the state of the facts constituting the fraud."

The executor relies very largely upon the decision in *State v. Evans,* 143 Wash. 449, 255 Pac. 1035, 53 A. L. R. 564, and the cases there cited. It appears that the statute of the state of Washington provides that claims against the estate of the decedent shall be filed within six months after the date of publication of notice to creditors and "if a claim be not filed within the time aforesaid it shall be barred." Remington, Compiled Stats., § 1477.

While the statute of the state of Washington contains a general provision that no limitation shall apply to an action brought in the name of the state and that no claim of right predicated upon lapse of time shall ever be entertained

against the state, the court was nevertheless of the opinion that the probate statutory provisions were of greater potency in the protection of estates of decedents against the delayed action of claiming creditors than were the general statutes of limitation. Whether or not the reasoning of the court is sound as to general claims against the estate of a decedent by the state, it is considered that it does not sustain defendant's contention in this case. We are not dealing with the general statute of limitations. We are dealing with a limitation as applied to a limited class of claims. Where relief has been furnished under ch. 49, Stats., and the person to whom it is furnished has property, the municipality or the board in charge of the institution required to furnish such relief may sue and collect the value of the same against such person or against his estate.

The statute further provides: "In any such action or proceeding the statutes of limitation shall not be pleaded in defense." That clause must include actions against his estate as well as actions against him personally. By express enactment the legislature has determined the underlying question of public policy, that is, whether statutory provisions for the protection of estates are of greater potency than general statutes of limitation, which was the question dealt with in *State v. Evans, supra.* Questions of public policy are primarily for the legislature.

It is argued that sec. 49.10 does not modify or change or abridge sec. 313.08 (non-claim statute), but is intended only to lift the bar of the general statute of limitations in this state. The general statute of limitations operates to destroy the right as well as the remedy. *Brown v. Parker,* 28 Wis. 21; *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433. In that respect there is no difference between the general statute of limitations and the non-claim statute. The effect of each provision is the same.

It is significant that the heading of sec. 313.08 is "Statute of Limitations." In addition to that, in the decisions of this court sec. 313.08 has often been referred to as the statute of limitations. There is nothing to indicate that the legislature, in the enactment of sec. 49.10, did not use the term "statute of limitations" in the sense which it is commonly and ordinarily used both in the statutes and in the decisions of this court. On the other hand, there is a strong presumption, nothing appearing to the contrary, that it was used in that sense.

It is considered that it was the intent of the legislature to subject the estate of one furnished aid by the county to payment of the county's claim on account of aid so furnished notwithstanding the statute of limitations except as provided in the statute.

It is further considered that the legislature intended to include and did include the bar of the non-claim statute as well as the bar of the general statute of limitations. While we often speak of the non-claim statute, the effect of that statute is to limit the time within which an action must be begun. The filing of a claim against the estate of a deceased person is equivalent to the commencement of an action. *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883.

The statute in question was designed to insure, so far as possible, a return to the county of the amount furnished by it as relief under the statute if the person to whom it was furnished had property. The estate of the person who received the relief is not sheltered by the non-claim statute.

*By the Court.*—The order appealed from is reversed, and cause remanded with directions to allow the filing of the claim and for further proceedings.