ESTATE OF SMITH: LAWTON, Appellant, vs. NEWELL, Administratrix, Respondent.

*June 4—June 24, 1935.*

For the appellant there was a brief by *Beck, Smith & Heft,* attorneys, and *William D. Thompson* of counsel, all of Racine, and oral argument by *Eugene W. Lawton* in *pro. per.* and *Lawrence H. Smith.*

For the respondent there was a brief by *Simmons, Walker, Wratten & Sporer* of Racine, and oral argument by *John B. Simmons* and *Harold J. Sporer.*

FAIRCHILD, J.   The court below declined to receive any testimony or entertain any hearing upon appellant's claims, because of the failure of appellant to press his claims for several years after the filing thereof.   We are of the opinion that the ruling cannot be sustained.   The facts disclose the due filing of the claims, placing them before the court, and advising respondent of their existence.   The demands are not to be described as stale, nor can it be said that the claimant has slept on his rights.   There has been considerable delay, by those in charge, in winding up the affairs of the estate, and the criticism indulged in by the court and appearing in the record must be approved.   *Will of Robinson, ante,* p. 596, 261 N. W. 725.   The responsibility for the delay is on the administratrix, and the visiting of a penalty therefor on the appellant by dismissing his claims is not warranted.

After the filing of claims, the duty of going forward with their disposition and winding up the affairs of the estate rested upon the administratrix.   Secs. 3838*m,* 3840 (3), 3840*m,* and 3849, Stats. 1921.   She was to call for claims, adjust them, and close the estate within limits of time fixed by statute.   By the filing of his claims, appellant asserted them, and protected his rights thereunder against the running of the statute of limitations.   As long as a claim remains good, its owner's right to realize thereon is preserved.   Of course, when objections are made to a claim, a claimant must produce evidence to support it, but until the administrator or the court calls for such proof, his failure to produce it cannot develop into a waiver of his cause of action.   The practice in the circuit court of dismissing actions not brought on for trial within five years is ordained by statute, and is limited in its application.   Sec. 269.25, Stats.   It does not actually or by analogy extend to the county court in matters of claims filed against estates of decedents.   The filing of a claim in the county court is not the commencement of a civil action.   *Estate of Beyer,* 185 Wis. 23, 200 N. W. 772.   Although the

filing of a claim has been said to be equivalent to the commencement of an action, *Estate of Kuplen,* 209 Wis. 178, 244 N. W. 623, and the same as the commencement of an action, *Estate of McAskill,* 216 Wis. 276, 257 N. W. 177, those cases are not inconsistent with the statement in the *Beyer Case, supra,* that "the proceedings in the county court for the trial and determination of disputed claims are usually, summary and they are neither actions at law nor suits in equity but distinctly statutory and *sui generis.*"

Respondent has failed to comply with the requirements of the statutes with relation to the disposition of claims, and in this respect, and because thereof, has delayed matters incidental thereto. It was her duty to comply with the statute and she failed to do so. *Coolidge v. Rueth,* 209 Wis. 458, 245 N. W. 186. Appellant, on the other hand, complied with the laws in the matter of advising the administratrix of his claims, and he was not required to do more. The administratrix could not close the estate, according to law, without disposing of the claims so filed.

Appellant says he was never informed of any objections to his claims prior to the motion to dismiss in 1934, and the record supports him in his assertion, there being no evidence of objections interposed after the filing of the claims. One of the attorneys for the administratrix insists that he verbally informed the court and the appellant that objection was to be made. But, even if objections had been filed, the duty of the administratrix, as fixed by statute, remained. She could not shift her responsibility to proceed to the shoulders of the claimant. It is impossible to hold, under statutes so clearly prescribing the duties of the administratrix, that the delay which she seeks to take advantage of is imputable to the appellant. On the contrary, it is directly chargeable to her. Certainly there can be no implied waiver under the circumstances which would deprive appellant of the right to present his proof of the validity of his claims where he has

followed the letter and the spirit of the law in protecting his rights. The appellant is entitled to be heard.

Appellant's contention that the motion in April, 1922, to enlarge the time for filing claims was a trial on the merits, and amounts to a holding that the claims were legal claims against the estate, is not seriously considered. The sole question then under consideration related to the granting of permission to file the claims. In that proceeding the court was called upon to decide whether the motion was timely and claimant's delay excusable. This does not go to the extent of a final determination of the merits of the claim. The validity of the claim is a matter to be considered after the claim has been filed, the administratrix has made her objections, and a time set for hearing.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.