(No. 32622.—

In the Matter of the Estate of Anna G. Miller.— (The People *ex rel.* Public Aid Commission, Appellee, *vs.* Edward A. Miller, Admr., Appellant.)

*Opinion filed March 23, 1953.*

KELLAM FOSTER, of Chicago, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, and JOHN T. COBURN, of counsel,) for appellee.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

This case comes here on appeal from an order of the circuit court of Cook County, which affirmed an order of the probate court of that county. The judgment appealed from held that the estate of Anna G. Miller, deceased, is liable to the Public Aid Commission for sums paid to her during her life as old-age assistance. The decedent received assistance from 1937 to 1944. Then she inherited property and from 1944 until her death in February, 1951, she received no aid. She died leaving an estate which was sufficiently large to repay the Public Aid Commission the sums which had been paid to her from 1937 until 1944. The claim of the commission was allowed in the amount of $1812.

The applicable portion of section 12 of the Old Age Pension Act, (Ill. Rev. Stat. 1939, chap. 23, par. 421,) as it read from 1935 to 1945, provided that "On the death of *a recipient* the total amount paid under this Act shall be allowed as a claim against the estate of such person." (Emphasis supplied.) In 1945 it was amended to read as follows: "On the death of *a person who has been a recipient* the total amount paid under this Act shall be allowed as a claim against the estate of such person." (Emphasis supplied.) (Ill. Rev. Stat. 1945, chap. 23, par. 421.) In 1949 the section was incorporated into the Public Assistance Code, as section 5-4 thereof (Ill. Rev. Stat. 1949, chap. 23, par. 440-4,) the provision in question reading as follows:

"On the death of *a person who has been a recipient* the total amount paid under this Article shall be filed as and shall be allowed as a claim against the estate of such person." (Emphasis supplied.)

Counsel for the administrator contends that the changes in wording constitute substantive changes. He contends that from 1935 to 1945 the State could not recover assistance payments unless the recipient was receiving payments up until the time of her death, and that, since the act was not amended to provide otherwise while the intestate was receiving aid, the State is not entitled to any part of the claim filed. . In determining whether or not this contention is correct we must read the 1935 act in its entirety. Such a reading discloses that "recipient" is defined as "a person who *has been* granted an award under the terms of this Act." (Emphasis supplied.) (Ill. Rev. Stat. 1939, chap. 23, par. 410.) This being the case, the word "recipient" in section 12 is susceptible of only one meaning. It means a person who has been a recipient regardless of whether he was receiving payments up until the time of death.

Thus, the right of the State to recover the payments was fixed as of the 1935 act, and, from the foregoing, it is clear that the 1945 revision does not give the State any right it did not previously have. The change in wording, perhaps, defines the right of the State more clearly, but does not change it. The same applies to the 1949 revision in that it does not change the substantive right of the State. The addition of the phrase "shall be filed" appears to have been for the purpose of making it mandatory on the State officials to file the claim, but this has no effect on the right of the State to have the claim allowed.

The appellant quotes *City of Fairfield* v. *Pappas,* 362 Ill. 80, as follows: "Another accepted rule in the interpretation of statutes is, that where the legislative body enacts a new law upon a certain subject, revising the whole subject matter and providing a new and different plan therefor,

such new act manifests a legislative declaration that what is included in the new statute shall prevail over the provisions of the former law upon the same subject, excepting only such provisions as may be re-written into the new legislation. Such revision discloses an intent to reject such of the provisions of the former act as are not included in the later act." This rule correctly states the law, but for reasons we have already discussed, it clearly has no application in this case.

The appellant also contends that if any right in the State existed under the law prevailing from 1935 to 1945 the right was divested by the amendments of the act in 1945 and 1949, and that, in any event, the rights were inchoate and could not have vested until the intestate's death in February 1951, at which time appellant contends they had been divested by nullification of the acts of 1935 through 1943. However, appellant's only argument in support of the theory that the 1945 and 1949 enactments are different in substance from the former acts is based upon the heretofore discussed theory that under those acts the State had no right to recover unless a recipient died at the time he was receiving aid. Under our view, as already expressed, the 1945 and 1949 amendments were merely re-enactments of the former law, with the aforementioned slight additions. Under these circumstances, the substantive right of the State remained the same from 1935 until after the death of the intestate.

It follows that the State has, at all times between 1935 and February, 1951, had the same right as regards recovery of public assistance payments, and the intestate's estate is liable in the instant case. Therefore, the order of the circuit court must be, and is, affirmed.

*Order affirmed.*