## WORCESTER COUNTY WELFARE BOARD
### *v.* WYATT

(Two Appeals In One Record.)
[No. 167, September Term, 1958.]

*Decided April 15, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and DIGGES, J., Associate Judge of the Seventh Judicial Circuit, specially assigned.

*Godfrey Child* for the appellant.

*John L. Sanford, Jr.,* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree sustaining objections to an audit distributing the proceeds of sale in a partition proceeding. The facts are stipulated. Minos W. Wyatt, Sr., received monthly grants of old age assistance from the Welfare Board of Worcester County during the period from January 28, 1936, to November 10, 1942, in the sum of $1,371. During the period from November 28, 1942, to May 10, 1948, similar monthly grants were made to his wife, Alice Wyatt, in the sum of $1,219.05. Wyatt owned a parcel of land containing about 30 acres, improved by a dwelling, where he resided with his wife during the periods mentioned and down to the time of his death. This was made known to the Welfare Board, and no question is raised as to the propriety of the awards under the circumstances, or as to the eligibility and needs of the recipients.

Wyatt died intestate on May 31, 1951, leaving no personal estate, and there was no administration. Nine children and two grandchildren survived him. The widow moved out of the dwelling after his death, and it has not since been occupied by his spouse or dependents. The property was sold in a partition proceeding instituted on February 9, 1953. The trustee reported a sale for $2,889.32, and after payment of taxes, costs and expenses of sale, and the allowance of $500 in part payment of the funeral bill, there remained a balance for distribution of $1,788.10. Claims were filed on October 30, 1953, by the Welfare Board for the amounts above mentioned, to which the heirs objected, asserting that the claims were barred by limitations. There was also a claim for the balance of the funeral bill in the amount of $332.40. The Auditor made distribution in three alternative accounts. The Chancellor allowed the claim for the balance of the funeral bill, allowed the claim to recover assistance paid the decedent in the amount of $221, disallowed entirely the claim for sums paid Mrs. Wyatt, and awarded the balance to the heirs. The

Welfare Board appealed, and there was a cross-appeal by one of the heirs.

The pertinent statutory provisions (enacted in their present form by Ch. 700, Acts of 1947) are as follows: Code (1957), Art. 70A, sec. 14 provides: "If at any time during the continuance of assistance the recipient thereof becomes possessed of any property or income in excess of the amount stated in the application, it shall be the duty of the recipient immediately to notify the county department of the receipt or possession of such property or income and the county department may, after investigation, either cancel the assistance or alter the amount thereof in accordance with the circumstances. Any assistance paid before the recipient has come into possession of such property or income and in excess of his need shall be recoverable by the county department as a debt due * * *."

Sec. 15 provides: "On the death of any recipient, the total amount of assistance paid under this article shall be allowed as a claim against the estate. The net amount realized from all such claims shall be divided among the State, the county, and the federal government in proportion to the amount of the assistance paid by each respectively; provided, that no such claim shall be enforced against any real estate of a recipient while it is occupied by the recipient's surviving spouse or dependents." Sec. 2 provides: " 'Recipient' means a person who is receiving assistance under the terms of this article." See also Code (1957), Art. 88A, sec. 7, referring to suits for recovery by welfare boards.

It was suggested in argument that, since Mr. Wyatt's assistance was discontinued in 1942, he did not, at the time of his death, qualify as a recipient, and hence the provisions of sec. 15 are wholly inapplicable and cannot form the basis of any claim against his estate or real estate. In other words, the argument is that the statute only permits recovery against one who is actually receiving assistance at the time he comes into possession of property, under sec. 14, or dies, under sec. 15.

We think the point is well taken. Interpolating the definition, sec. 15 would read "On the death of any *person who*

*is receiving assistance under the terms of this article,* the total amount of assistance paid under this article shall be allowed as a claim against the estate." The use of the present tense imports that the receipt must be contemporaneous with the death in order for the section to apply. A somewhat similar contention was advanced in the case of *In re Miller's Estate,* 111 N. E. 2d 304 (Ill.). The court there pointed out, however, that the definition of recipient was in the past tense, not the present. It is true that in *Waxter v. Mindel,* 200 Md. 367, 379, where recovery against real estate was allowed upon a creditor's bill filed by the Welfare Board, the claim was based in large part upon old age assistance paid prior to the transfer of the decedent to a state hospital where she died, but the point was not raised or discussed in that case. Since we hold that Mr. Wyatt was not a recipient at the time of his death, it follows that no claim could be asserted against his real estate and no "such claim" could be enforced against his real estate, after it was no longer occupied by his surviving spouse. It may well be that this result is unfortunate, but the remedy must lie in a broadening of the statutory language. We do not reach the questions argued as to when limitations would begin to run.

We agree with the Chancellor that the claim against the husband's estate for payments made to Mrs. Wyatt cannot be sustained. There is nothing in sec. 15 that would permit recovery against the husband's estate for assistance paid to his wife. Our statute is quite different from those construed in *Hausser v. Ebinger,* 118 N. E. 2d 522 (Ohio St.), and *In re Eggert's Estate,* 72 N. W. 2d 360 (Minn.). It is suggested that the claim might be allowed under sec. 14, on the theory that she came into possession of a one-third interest in the real estate, subject to the claims of creditors. But the claim was not filed on this theory, and there was no showing that the amount she will receive from the proceeds of sale is in excess of her needs. Here again, she could not be said to have become possessed of the property "during the continuance of assistance," since payments of assistance to her were discontinued about three years before her husband's death.

For the reasons stated, we shall reverse the decree and direct the entry and approval of the distribution account Part I-C as stated in the alternative by the Auditor. There was no objection to this account raised by the cross-appellant.

*Decree reversed, costs to be paid by the appellant.*