IN RE ESTATE OF BUNDY, Deceased: AMES, Personal Representative, Respondent, v. KENOSHA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant.

*No. 75–466. Submitted on briefs October 5, 1977.—Decided November 30, 1977.*
(Also reported in 259 N.W.2d 701.)

For the appellant the cause was submitted on the briefs of *Frank Volpintesta,* assistant corporation counsel.

For the respondent the cause was submitted on the brief of *William O. Kupfer* and *Brookhouse, Kupfer, Malinsky & Brookhouse* of Kenosha.

HEFFERNAN, J.   This appeal raises issues in respect to the authority of public welfare agencies to recover the value of the relief or care afforded to persons who received such care or relief.   Two specific issues are posed by the facts of this case: (1) Is one who has not made application for relief but who is listed as a dependent wife of the relief applicant personally liable for such charges as a recipient of the relief and, upon death, is such dependent's estate liable for repayment of the value of the relief afforded while a dependent of the applicant; and (2) does the ten-year statute of limitations set forth in sec. 49.08 (1), Stats., apply to claims for the repayment of relief from the estate of a deceased relief applicant or does such ten-year limitation apply only to claims against a living recipient of relief.

We conclude, in respect to the first issue, that a dependent of a relief applicant incurs no liability to repay any portion of the relief granted as a result of the application.   In respect to the second issue, we conclude that the ten-year statute of limitations is inapplicable in respect to claims for the repayment of relief afforded on the application of a decedent.   The ten-year limitation is effective only to bar claims against a living recipient of relief.

In this case the Kenosha County Department of Social Services has asserted a claim against the estate of Clara R. Bundy to recover public assistance payments made by the department to Clara Bundy's husband, Charles, who predeceased her, and also a claim for payments made to Clara Bundy on her own application after the death of her husband.

No claim was ever filed against the estate of Charles Bundy, who died in 1960.   It is agreed, however, that

Charles Bundy had received relief from the department on his own application from time to time subsequent to January 1, 1934, and was a relief recipient at the time of his death. At no time prior to Charles Bundy's death did Clara Bundy join in the applications for relief. She was, however, listed as a dependent of Charles Bundy in each application that he made to the department. It is acknowledged, however, that some proportion of the relief payments made pursuant to the applications of Charles Bundy benefitted his dependent wife Clara.

Subsequent to the death of Charles Bundy, Clara Bundy, on February 27, 1961, made application for relief on her own behalf, and she continued to receive relief payments until her death.

A timely claim was filed against Clara Bundy's estate, claiming that her estate was responsible for all payments made as the result of the applications of Charles Bundy commencing in 1934 and all payments made to Clara Bundy as the result of her application for relief subsequent to her husband's death.

In respect to payments made on the husband's application, the department proceeds on the theory that a husband and wife are jointly and severally liable for their own support, and hence any cause of action which would inure to the department in respect to the applicant, Charles Bundy, is equally applicable in respect to the wife as a co-obligor. It also asserts that Clara Bundy is liable, because she was a dependent who "received" the relief on Charles' application.

The claim against Clara's estate for payments made to her subsequent to the death of Charles is upon the basis that she was in fact the recipient of the relief. This latter assertion is clearly correct, but the additional question is raised, *i.e.*, may there be recovery for payments made to a deceased recipient more than ten years prior to the date of the claim.

We conclude that, under established Wisconsin law, repayment of relief payments may only be enforced against a recipient of such payments and not against a beneficiary. Accordingly, neither Clara's estate nor Clara during her lifetime had any obligation to repay relief granted on the application of Charles. We conclude, however, that in respect to payments made to Clara on her application, the ten-year statute of limitations is inapplicable to an action brought against her estate; and, accordingly, the estate is liable for all relief granted to Clara whether or not that relief was granted more than ten years prior to the filing of the claim.

Under the statutes, if the department's claim is timely filed in the probate proceedings, recovery may be had for all sums whenever granted to a deceased person on that deceased person's own application.

The question whether Clara Bundy during her lifetime was responsible for relief payments made on the application of her husband or whether her estate is now responsible for such payments is dependent upon the effect given statutes authorizing, under certain circumstances, recovery of relief payments. The present statute, sec. 49.08(1), Stats., under which the action is brought, provides in its pertinent parts that a person "receiving" relief may, in the event he owns property, be sued by the relief authorities; and it further provides that, when the relief "recipient" is deceased, a claim may be filed against the decedent's estate.

From the face of the statute, that liability is imposed only on one who receives relief or one who is the recipient. It appears to be conceded in this case that, because Charles Bundy was the applicant, relief payments were made to him. It is equally clear that during his lifetime, when such payments were made to him, Clara Bundy was a dependent and she was benefitted by these payments. The question, therefore, is whether, under the statute, a beneficiary is a recipient or whether only the

person on whose application relief was afforded is the recipient.

*Estate of Peterson,* 66 Wis.2d 535, 225 N.W.2d 644 (1975), pointed out that, under the common law, there was no requirement for the repayment of public relief. The right of the county to recover for relief payments is statutory; and, hence, the question is not, under some principles of equity, whether a recovery ought to be permitted against a dependent wife, but whether the statute provides for such recovery. The question, then, is whether Clara Bundy "received" relief on her husband's application during his lifetime.

Looking to the dictionary meaning of the word, "recipient," it is apparent that Clara Bundy's situation is not described by that term. "Recipient" is defined in *Webster's Third New International Dictionary* (1965), p. 1895, as "one that receives." The first meaning given to "receive" in the same standard word (p. 1894) is "to take possession or delivery of." Under these commonly accepted meanings, Clara Bundy was not a recipient, since it is conceded that the relief was granted or delivered to her husband. True, she was a beneficiary. Her husband was the receiver or recipient, and a receiver is thought of in legal terms as one who takes possession of property for the benefit of others; but such beneficiaries do not thereby become receivers. Under the statute there is no evidence that the legislature equated possible beneficiaries with those who actually took delivery or possession of relief payments from the municipality.

Because the recovery procedure is governed wholly by statutory law, any liability imposed upon Clara Bundy is dependent upon the statutes making her responsible for payments to her husband or for the payments to him which inured to her benefit. The statutes do not cover this situation. Only the recipient, Charles Bundy, would have been liable under the statutes for repayment.

While the commonly accepted definitions of these questioned words sufficiently resolve the issues in this case,

such resolution is consistent with court interpretations of similar situations. For example, in *Galante v. Doe*, 68 Misc.2d 295, 326 N.Y.S.2d 199 (1971), it was held that a minor child of a mother who received public assistance was not a recipient but merely a beneficiary of the assistance. Accordingly, the welfare district was not entitled to assert a lien against a minor child's proceeds of a cause of action against a third party.

In *Worcester County Welfare Board v. Wyatt*, 219 Md. 507, 150 A.2d 435 (1959), the court held that a statute which permitted a recovery from the estate of a recipient did not permit recovery against a husband's estate for old age assistance paid to his wife.

While none of these cases are controlling, it is clear that courts will not permit recovery of relief payments from one who is not the immediate recipient of the funds unless the statute specifically provides. These cases are founded upon the proposition that, because there is no common law right of recovery of the amount of relief payments, authority to recover must be set forth with specificity in the statutes. This general rationale, clearly correct as a matter of Wisconsin law—in addition to our understanding of the meaning of the word, "recipient"—leads us to the conclusion that Clara Bundy, during the life of her husband, although a beneficiary of payments made to him on his application, was not a recipient of relief. Therefore, neither she, during her lifetime, nor her estate had any responsibility for the repayment of relief sums made pursuant to Charles Bundy's applications.

The facts show, however, that, following the death of Charles Bundy in 1960, Clara Bundy applied for relief in her own behalf. In respect to the relief payments made pursuant thereto, she was unquestionably the recipient and incurred a legal liability for their repayment if, under the terms of the statute, she became the owner of property. That cause of action is, however, subject to the limitations set forth in the statute. It is contended by

the county department that the only limitation imposed is the statute which limits the time within which claims can be filed against an estate. The department asserts that, if that statute is complied with, all relief payments, whenever made, may be recovered from the estate of the recipient. The estate of Clara Bundy, on the other hand, contends that the ten-year statute of limitations is applicable and that recovery can only be had for relief granted to a decedent within ten years prior to death.

Again we find the statutes clear and conclude that, in respect to the estate of a recipient, the only time limitation which curtails the right of the grantor of relief to recover against the estate of a recipient is the statute of nonclaims. Accordingly, the department in the instant case may recover from the estate of Clara Bundy all payments made pursuant to her application for relief.

The pertinent statutes provide:

"49.08 Recovery of relief paid. (1) If any person at the time of receiving relief under this chapter or as an inmate of any county or municipal institution in which the state is not chargeable with all or a part of the inmate's maintenance or as a tuberculosis patient provided for in ch. 149 and s. 58.06 (2), or at any time thereafter, is the owner of property, the authorities charged with the care of the dependent, or the board in charge of the institution, may sue for the value of the relief from such person or the person's estate; but except as hereinafter provided the 10-year statute of limitations may be pleaded in defense in any such action to recover relief. Where the relief recipient is deceased, a claim may be filed against the decedent's estate and the statute of limitations specified in s. 859.01 shall be exclusively applicable. The court may refuse to render judgment or allow the claim in any case where a parent, spouse, surviving spouse or child is dependent on such property for support. The court in rendering judgment shall take into account the current family budget requirement as fixed by the U. S. department of labor for such community or as fixed by the authorities of such community

in charge of public assistance. The records kept by the municipality or institution are prima facie evidence of the value of the relief furnished. This section shall not apply to any person who receives care for pulmonary tuberculosis as provided in s. 149.04."

"859.01 Limitation on filing claims against decedent's estates. (1) Except as provided in sub. (3) and s. 859.03, all claims against a decedent's estate including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, are forever barred against the estate, the personal representative and the heirs and beneficiaries of the decedent unless filed with the court within the time for filing claims."

The parties to this lawsuit agree that the ten-year limitation applies to a living recipient. In other words, it is conceded that, had the department, during Clara Bundy's lifetime, commenced an action, it could not recover for any relief payments received more than ten years prior to the commencement of the suit.

The statute states that:

". . . except as hereinafter provided the 10-year statute of limitations may be pleaded in defense in any such action to recover relief."

Only one exception is provided, and the next sentence of the statute states that exception:

"Where the relief recipient is deceased, a claim may be filed against the decedent's estate and the statute of limitations specified in s. 859.01 [estate claim statute] shall be exclusively applicable."

The meaning of the statute could not be more plainly set forth. The ten-year limitation is applicable except when the claim is brought against the estate. The statute then points out that the only limitation where a claim is made against an estate is the requirement that the claim be timely filed.

That this interpretation is the only one permitted under these statutes and under Wisconsin law is clear from the language of *Garcia v. Chicago & North Western Railway Co.*, 256 Wis. 633, 638, 42 N.W.2d 288 (1950), in which we said:

" 'An exception exempts something absolutely from the operation of a statute by express words in the enacting clause; a proviso defeats its operation conditionally. An exception takes out of the statute something that otherwise would be part of the subject matter of it; a proviso avoids them by way of defeasance or excuse.' "

The history of the statute need not be examined to reach this conclusion, since the statute is plain on its face. The statutory history leads, however, to the same conclusion.[1]

---

[1] A predecessor statute, sec. 49.10, Stats. (1931), provided for recovery of relief and stated that the municipality:

". . . may sue for and collect the value of the same against such person and against his estate. In any such action or proceeding the statutes of limitation shall not be pleaded in defense . . . ."

Under that statute this court held in *Estate of Kuplen*, 209 Wis. 178, 244 N.W. 623 (1932), that no limitations whatsoever were imposed and that, even though there was noncompliance with the statutory provision requiring the timely filing of claims against an estate, the municipality was not barred.

By the Laws of 1945, ch. 104, the legislature amended sec. 49.10, Stats. (1931), to provide:

"In any such action or proceeding the statutes of limitation shall not be pleaded in defense, except that nothing contained herein shall be construed to eliminate the bar of the nonclaim statute (section 313.08)."

Subsequent to that statutory change, this court in the case of *Estate of Schubert*, 9 Wis.2d 236, 101 N.W.2d 95 (1960), held that, if there was compliance with a nonclaim statute, a relief grantor could recover against an estate no matter how long prior thereto the relief had been granted. Under the then existing statute, *Schubert* held that only ᴛhe nonclaim statute limited the right to recover.

The footnoted legislative history is, however, unnecessary for the resolution of the question before us, and we base our conclusion not on that history but on the plain meaning of the statute as it now exists. Under the present statute the ten-year limitation is made applicable to all claims except where the relief recipient is deceased; and in respect to such claims, only the estate nonclaim statute limits the right of recovery. Under the facts of this case, therefore, we conclude that, where a claim was timely filed, there is no statute of limitations which bars the right of the department to recover any payments made to Clara Bundy on her application for relief where she was the recipient and not a mere beneficiary of the relief payments.

In respect to those payments made on the application of Charles Bundy, Clara Bundy incurred no liability and *ipso facto* neither did her estate. The effect of this decision is to conclude that the estate of Clara Bundy was not liable for any relief payments received by Charles Bundy,

---

By the Laws of 1965, ch. 663, the pertinent statute, which now appears as sec. 49.08(1), Stats., was amended to provide the present ten-year period of limitations. Until that amendment went into effect in 1966, there was no statute of limitations applicable to claims against living recipients. In respect to the estates of recipients, the only limitation applicable was the nonclaim statute. Given the uniform prior interpretation of the statute that only the nonclaim provision barred relief against the estate of a recipient, it would appear most unlikely that the legislature would have attempted to alter that uniform interpretation by language that did not specifically refer to claims against the estate of recipients and instead employed language which upon its face appeared only to refer to claims against living recipients.

If the legislature had intended the ten-year limit to apply to claims against the recipient's estates, it had the opportunity to so state at the time of the 1965 revision. It failed to do so. Moreover, attempts to make the ten-year limitation applicable to claims against the estate of recipients have been rejected. An example of this is noted by the department in its reply brief in reference to 1969 Assembly Bill 107.

and the judgment of the county court in that respect is affirmed. That portion of the judgment which barred the recovery of public assistance granted to Clara Bundy upon her application more than ten years prior to her death is in error, and the judgment should have permitted the recovery in full for all payments made to Clara Bundy irrespective of when made, and it is directed that the judgment of the trial court be modified to allow the department to recover in full for all payments made to Clara Bundy upon her own application. As so modified, the judgment is affirmed.

*By the Court.*—Judgment modified and, as so modified, affirmed.