IN MATTER OF GUARDIANSHIP OF KORDECKI: KENOSHA
COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff-
Appellant, v. KENOSHA NATIONAL BANK, Guardian
for Richard Kordecki, and others, Defendants-Re-
spondents.†

Court of Appeals, District II

*No. 77–447. Submitted on briefs July 18, 1978.—*
*Decided September 1, 1978.*
(Also reported in 270 N.W.2d 421.)

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Frank Volpintesta,* Acting Corporation Counsel and *Bernard R. Vash,* Assistant Corporation Counsel of Kenosha County.

For the respondent the cause was submitted on the brief of *Thomas G. Hetzel* of Kenosha.

Before Voss, P.J., Brown, J., and Bode, J.

BODE, J.   This is an appeal from an order entered July 25, 1977, denying the claim entered by Kenosha County Department of Social Services against the guardianship account for Richard Kordecki.

The facts in this case are undisputed.  Prior to 1965, Richard Kordecki, a minor, received the sum of $3,325.25 as the net proceeds of a settlement of a claim for personal injuries sustained by him.  In January of 1965, the Kenosha National Bank was appointed guardian of the proceeds until Richard reached the age of twenty-one.  The letters of guardianship stated, in part, that the guardian was to "dispose of and manage all such estates according to law and for the best interest of the ward."

In December, 1969, Linda Kordecki, Richard's mother, applied for and began receiving public assistance from Kenosha County on behalf of Richard and her other children.  Mrs. Kordecki did not advise the Department of the existence of the guardianship account.  In January, 1975, upon learning of the guardianship funds which made Richard ineligible for aid by reason of excess assets, the Department took steps to remove Richard from the grant.  This was officially accomplished on November 1, 1975.  The Department then filed a claim against the guardianship account for the sum of $3,482.70 (later reduced to $2,672.67) seeking reimbursement of the amount of the grant allocable to Richard.  The trial court denied the claim.

The sole question here is whether the Department may recover from a guardianship account funds it paid out in

support of a child ineligible for such aid, when said payments were prompted by misrepresentations or mistakes in which the child played no part. We conclude it cannot.

The Department contends that it is not liable for the support of a minor child where assets are available for his support. It argues that here the guardianship funds were an available asset and the guardian was responsible for providing for the child during the existence of the guardianship. Since the Department was not liable for the child's support, and the funds were paid due to a misrepresentation of facts (non-disclosure of the guardianship funds) and by a mistake not caused by the Department, it submits the Department should be reimbursed for the funds paid out which were allocable to Richard.

It is clear from the record that any and all representations on which the Department based its grant of aid were made by the child's mother, Linda Kordecki. No representations were made, required or requested of the child in connection with the application. Indeed, the child was under no obligation to provide any information to the Department; rather, the Department was charged with investigating and making a determination as to the eligibility for aid. The Department's failure to make an effective investigation prior to granting the aid to Mrs. Kordecki, at least insofar as discovering the guardianship funds, should not now prove a detriment to the child.

Furthermore, there is neither statutory nor common law authority to support the claim. Section 49.195, Stats., permits recovery of aid to families with dependent children from any parent which received such aid. However, the recovery here is sought directly from the child. There is no statutory authorization for such recovery,

particularly where the minor child never applied for the aid, received the aid directly, or made any representations to obtain the aid.

Finally, the supreme court in *In Re Estate of Bundy*, 81 Wis.2d 32, 37, 259 N.W.2d 701, 704 (1977), has stated:

". . . it is clear that courts will not permit recovery of relief payments from one who is not the immediate recipient of the funds unless the statute specifically provides. These cases are founded upon the proposition that, because there is no common law right of recovery of the amount of relief payments, authority to recover must be set forth with specificity in the statutes."

In the same case, the court determined that a "recipient" was one who took possession or delivery of an item. Accordingly, in the present case, Mrs. Kordecki was the recipient of the aid while the child was merely the beneficiary. Therefore, in the absence of specific statutory authority allowing recovery from the child, this claim was properly disallowed.

*By the Court.*—Judgment affirmed.