RICHLAND COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff-Appellant,

v.

Douglas MCHONE, Defendant-Respondent.

Court of Appeals

*No. 79–371. Submitted on briefs October 12, 1979.—
Decided January 23, 1980.*
(Also reported in 288 N.W.2d 879.)

For the plaintiff-appellant the cause was submitted on the brief of *Steven A. Bach* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Benjamin Southwick,* corporation counsel of Richland county.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. The Richland County Department of Social Services (county) commenced an action under sec. 49.195, Stats., to recover payments by the county to Douglas and Marilyn McHone under sec. 49.19, aid to families with dependent children, commonly described as AFDC. The circuit court granted the motion of Douglas McHone for summary judgment dismissing the complaint as to him. The county has appealed from that order.

Section 49.195(1), Stats., provides in material part:

If any parent at the time of receiving aid under s. 49.19 or any time thereafter acquires property by gift, inheritance, sale of assets, court judgment or settlement of any damage claim, the county granting such aid may sue the parent to recover the value of that portion of the aid which does not exceed the amount of the property so acquired.

The payments at issue were made as the result of five AFDC applications covering the period September 1, 1975 through March 31, 1977.

The first application was signed by Marilyn McHone and was made because Douglas received injuries to his leg and right arm in an accident which totally incapacitated him and resulted in his hospitalization until November 8, 1975. The second application was signed only by Marilyn as "primary person." The family was deemed eligible for aid on that application because Douglas remained incapacitated through April 30, 1976. Marilyn signed the remaining applications as the "primary person" and Douglas signed each application as her husband. Eligibility as to those applications was based upon the unemployment of Douglas as the father of the household from May 1, 1976 through March 31, 1977. All AFDC checks were payable to Marilyn McHone.

The county administers the AFDC program under the supervision of the Department of Health and Social Services of the state. According to the rules and policies of the department, the "primary person" is the person

who makes the application for AFDC, the AFDC payment is made for the benefit of those eligible persons in the household of the primary person as are set forth in the application, and the payee of an AFDC check is determined at the discretion of the county on a case-by-case basis.

*In re Estate of Bundy,* 81 Wis.2d 32, 37, 259 N.W.2d 701, 704 (1977), states:

[I]t is clear that courts will not permit recovery of relief payments from one who is not the *immediate recipient* of the funds unless the statute specifically provides. These cases are founded upon the proposition that, because there is no common law right of recovery of the amount of relief payments, authority to recover must be set forth with specificity in the statutes. (Emphasis added.)

Recovery was sought in *Bundy* from the estate of the deceased wife of a husband who had applied for and received payments of relief. The court emphasized that the statute under which recovery was sought, sec. 49.08 (1), Stats., provided that recovery could be had from a person "receiving" relief and that a claim could be filed against the estate of a deceased "relief recipient."

Although sec. 49.19(1), Stats., provides for aid to families with dependent children rather than aid to individuals, sec. 49.195(1) provides that recovery may be made from the parent "receiving" aid. We conclude that under the case law of this state, and in the absence of a statute to the contrary, recovery may be had only from the parent who has immediately received the aid. Douglas McHone was not a parent who received aid under sec. 49.19, for purposes of recovery under sec. 49.195(1).

We recognize that it may be little more than a matter of chance as to which of two parents applies for AFDC

or is made the payee of AFDC checks. Marilyn McHone probably signed at least the first application solely because her husband was unable to do so and she may have received the checks because he was initially hospitalized. However, we are dealing with a statutory right of recovery which has been strictly limited to be against the immediate recipient. If recovery is to be had from either or both parents for AFDC payments, regardless which parent applied for or was the payee of the checks effecting payments, that change in the law must be made by the legislature.

*By the Court.*—Order affirmed.