IN the MATTER OF the ESTATE OF Nora RAUTMANN: CITY OF SHEBOYGAN, a municipal corporation, Claimant-Appellant,

v.

Angelette STEINHAUS, Personal Representative, Respondent.

Supreme Court

*No. 82–1601. Submitted on briefs December 1, 1983.— Decided December 23, 1983.*

(Also reported in 341 N.W.2d 395.)

For the claimant-appellant there were briefs by *Gary Langhoff*, city attorney, Sheboygan.

For the respondent there was a brief by *Alexander Hopp* and *Hopp, Hodson, Powell & Raftery*, Sheboygan.

WILLIAM G. CALLOW, J.  This is an appeal from a judgment of the circuit court for Sheboygan county, Judge Ernest C. Keppler, denying the city of Sheboygan's claim against the estate of Nora A. Rautmann. This appeal was certified by the court of appeals and accepted by this court pursuant to sec. (Rule) 809.61, Stats. We affirm the judgment of the circuit court.

The issue certified by the court of appeals is whether the estate of Nora Rautmann should be held liable for relief payments made to her and her husband as a result of an application for relief, even though at the time the application was made and the relief was received a married woman was not liable under the common law for necessaries provided to her family.

On October 3, 1938, Oscar and Nora Rautmann filled out an application for relief at the city of Sheboygan Relief Department.  The application for relief is en-

titled, "Application and Affidavit for Relief." In the first line of the application, both Oscar and Nora's names are listed, and the wording continues, "being first duly sworn on oath, deposes and says that they is-are an applicant for relief and as such, makes this affidavit as a true and correct statement of his or her or both their financial and family status . . . ."[1] Farther down on the form, under the heading "Dependents," the statement appears: "That he is-are a married person(s) and has 3 persons totally or partially dependent on him for support, that these persons ARE . . . ." Nora is listed as one of the dependents, the others being Georgine and Angelet [sic], the daughters of Oscar and Nora. Under the section denominated "Employment," only Oscar's employment is detailed, and the filled in information states in part: "Applicant employed on WPA since November 1937." Finally, under the section entitled, "Oath," both Oscar and Nora signed a statement that the answers contained in the form were "true and correct."

As a result of the application, the Rautmann family received relief largely in the form of food stamps and direct rent payments to their landlord. The family received relief in the following amounts: $256.98 in 1938; $325.85 in 1939; $190.45 in 1940; $161.99 in 1941. Their case file ultimately was closed in 1941, and they received no further relief from the city of Sheboygan (City).

On November 22, 1973, Oscar died, and his interest in their property was transferred to Nora, pursuant to sec. 867.04, Stats. On February 25, 1982, Nora died. On March 15, 1982, the City filed a timely claim, pursuant to sec. 49.08(1), against Nora's estate in the amount of $1,173.69 for relief granted to the Rautmann's from 1937 to 1941. This claim was subsequently modified by

---

[1] The words underlined in this opinion indicate the words which were typed in the blanks of the printed application form.

the City to $467.63,[2] which is the amount at issue on this appeal. The estate's representative objected to the City's claim.

At a hearing held on July 13, 1982, the court ruled Nora was not liable for the relief received on the application because under the common law at that time a wife was not liable for "necessities of life" provided to her family. The court on July 13, 1982, entered a judgment denying the City's claim. The City appealed the judgment, and the court of appeals certified the issue to this court.

We have recognized that, under the common law, there was no requirement for the repayment of public relief; the right to such recovery was statutory only. *See Estate of Peterson,* 66 Wis. 2d 535, 542, 543, 225 N.W.2d 644 (1975). Sec. 49.08(1), Stats., permits a relief provider to file a claim against a relief recipient's estate to recover sums which the provider paid out in public assistance. We have interpreted this statutory provision as imposing liability for repayment by declaring "repayment of relief payments may only be enforced against a recipient of such payments and not against a beneficiary." *In re Estate of Bundy,* 81 Wis. 2d 32, 35, 259 N.W.2d 701 (1977). One who is a dependent of the relief recipient is not liable under the statute, even though that person may have benefited from the relief. *Id.* at 36–37. One who applies for relief in his or her own behalf, however, is liable as a recipient. *Id.* at 37. The question in this case is whether Nora Rautmann was a

---

[2] The City originally claimed $238.42 for relief payments made in 1937 on an application filed by Oscar alone. The City withdrew this claim because it conceded that only Oscar, as the sole applicant, was liable for that amount. The City also halved the remaining amount ($935.27) to reflect the fact that some of the aid would have gone to Oscar.

dependent, or whether she was an applicant in her own behalf on the 1938 application.

We conclude from the facts of this case that Nora was not an applicant in her own behalf on the 1938 application. Although both Oscar and Nora's names appear at the beginning of the application, all the other information contained in the application points to Oscar as being the sole applicant. Nora was listed as a dependent "totally or partially dependent on [Oscar] for support"; the employment data referred only to Oscar's work, confirming Nora's dependent status; and in the "Employment" section the word "applicant" clearly refers to Oscar. Although Nora signed her name under the "Oath" section, we believe that this was merely a pro forma signature confirming the accuracy of the information in the application; her signature did not constitute an application for relief in her own behalf.

While the application form admittedly is somewhat ambiguous as to exactly who was making the application, we believe on balance that it is more reasonable to conclude that Oscar was the applicant and, as such, the recipient of relief for purposes of recovery under sec. 49.08, Stats. Nora, as a beneficiary of the relief, was not liable for the relief payments made under the 1938 application, nor is her estate liable for any of the payments. *See Bundy,* 81 Wis. 2d at 37. Accordingly, we affirm the trial court's judgment denying the City's claim against Nora Rautmann's estate.

*By the Court.*—Judgment affirmed.